SPENCER C. PLATT AND OTHERS, RESPONDENTS, *v.* MARIA R. WITHINGTON, APPELLANT, IMPLEADED WITH OTHERS.

*Alternative devise — contingent on the ownership of the property — effect of the ownership by the testator of an undivided half interest in the land.*

In this action, brought to obtain the construction of a will, it appeared that the testator devised to his daughter, the defendant Withington, certain lots of ground, but in his will provided, " but should I not die possessed of said last mentioned property, or should the property be the subject of litigation at the time of my death, then I give, devise and bequeath to my said daughter," certain other property described in the will.

In reference to the property first mentioned, it appeared that although the title thereto was in the name of the testator, it had been conveyed to him for a debt due to a firm of which he was a member, so that he was, in fact, the owner of only a one undivided half interest in the entire property.

*Held,* that the testator did not die possessed of said property within the intention of the will, inasmuch as he was only the owner of an undivided half interest therein.

That the fact that the testator had disposed of the property referred to secondly in the clause of the will mentioned, which was given to his daughter in case he should not die possessed of the property first mentioned, in which alternative she would be deprived of all benefit under such clause of the will, did not change the construction which should be given to this clause.

Appeal from a part of the judgment rendered upon a trial at the New York Special Term, in an action brought to determine the title to certain real estate under the provisions of the will of George W. Platt, and to obtain a partition thereof.

*W. H. Arnoux*, for the appellant Withington.

*Marsh, Wilson & Wallis*, for the plaintiffs, respondents.

*E. S. Church*, for the respondents, H. M. Platt and others.

Van Brunt, P. J.:

The question involved in this case arises from the construction of some of the provisions of the will of George W. Platt, deceased, for his daughter, the appellant, Maria R. Withington.

The provisions of the will bearing upon this question are as follows: Fifth. " I give, devise and bequeath to my daughter Maria R. Withington, and to her heirs and assigns forever, all those certain lots of land, with the appurtenances thereunto belonging, situate in the Twentieth ward of the city of New York on the southerly side of West Thirty-ninth street, commencing at a point distant one hundred and twenty-five feet westerly from Sixth avenue, and known by the ward numbers four thousand nine hundred and eighty-nine (4,989) and four thousand nine hundred and ninety (4,990), *but should I not die possessed of said last mentioned property, or should the property be the subject of litigation at the time of my death,* then I give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever, instead thereof and not otherwise, all that tract or parcel of land, or all those tracts or parcels of land belonging to me, together with the appurtenances, situate in Potter county in the State of Pennsylvania, containing between four and five thousand acres of land. I also give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever, all that certain farm or parcel of land, with the appurtenances thereunto belonging, situate in the town of Sterling, Cayuga county, New York, known as the ' *Patty Farm*,' containing sixty and eighty-nine one-hundredths (60$\frac{89}{100}$) acres of land, more or less, *but should I not die possessed of said last mentioned property, or should the said property be the subject of litigation at*

*the time of my death,* then I give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever, instead thereof and not otherwise, all the land and real estate belonging to me, with the appurtenances, situate in Essex county, of the State of Vermont, consisting of two thousand acres." This will is dated 24th of February, 1874, and a codicil thereto was made on the 11th of March, 1875. George W. Platt, the testator, died on the 3d of April, 1881.

In reference to this property in Thirty-ninth street, it appears that at the time of making the will there was an ejectment suit pending, brought by one Martha B. Carnes against the said George W. Platt, which action appears to have terminated in favor of Platt in December, 1876. It further appears that although the title of this property was in the name of George W. Platt the same had been taken for a debt due to the firm of which he was a member; and that he was, in fact, only the owner of one undivided half interest in the entire property. The provision of the will which has been referred to is : " I give, devise and bequeath to my daughter, Maria R. Withington, and to her heirs and assigns forever, all those certain lots," etc., " but should I not die possessed of said last-mentioned property, or should the property be the subject of litigation at the time of my death, then I give, devise and bequeath " certain other property mentioned in the said will.

It is very clear that if the other property mentioned in the will had been more valuable than the two lots on Thirty-ninth street, the claim would have been made that George W. Platt did not die possessed of said last-mentioned property because he was only the owner of an undivided half interest therein. And such would seem to be the fact, he, holding only a half interest therein, could not be said to be the owner thereof, because the words " possessed of " in the clause quoted necessarily imply possessed of as owner, and do not simply refer to manual possession. In view of this consideration, it does not seem to be at all necessary to determine the question whether the property was at the time of the testator's death the subject of litigation or not in the case of *Platt* v. *Platt.*

It is true that the testator's intention is to be arrived at in the construction of the will. It is also true that the circumstances surrounding the testator may be considered in arriving at that intention ; and that there are some of the acts of the testator which

seem to militate against the construction which has been above referred to. He has disposed of all the other property referred to in the clause of the will mentioned, and thereby the devisee in that clause has been deprived of all benefit thereunder, and does not share in the estate of her father as well as the other devisees.

But this circumstance cannot justify a construction of the language used which is entirely at war with its ordinary meaning and which evidently was not the understanding of the testator in its use. At the time of the making of this devise the title to this property stood in the name of George W. Platt, and the action of *Platt* v. *Platt* was then pending, but in that litigation no particular mention was made of this property as far as can be ascertained until the time of the accounting ordered in that action, when George W. Platt presented this property as one of the assets of the firm. It is true that after the termination of the litigation in the case of *Carnes* v. *Platt*, and also after the giving in of this property as an asset in the case of *Platt* v. *Platt*, George W. Platt had ample opportunity to make changes in his will in order to meet the changed circumstances which seem to have arisen and neglected so to do. Yet from this fact alone we cannot infer anything, as men often put off the making of wills or changes therein which the change of circumstances has rendered absolutely necessary in order to conform to their judgments.

The conclusion is therefore necessarily forced upon us that George W. Platt, not being the owner or possessed of this property in Thirty-ninth street at the time of his death, the provision of the will relating to such property failed and the judgment of the court below is correct.

The judgment should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.